UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY CAIN,

    Plaintiff,

v.                                                                          CASE NO. 6:11-cv-1315-28GJK

ARMOR CORRECTIONAL HEALTH
SERVICES, et al.,

    Defendants.

___

## ORDER

Plaintiff Timothy Cain ("Plaintiff"), an inmate at the Brevard County Jail Complex proceeding *pro se*, has filed a complaint pursuant to 42 U.S.C. § 1983 against Armor Correctional Health Services and Crissy Wallshlager (Doc. 1, filed August 9, 2011). After reviewing Plaintiff's complaint and for the reasons set forth below, it is determined that Plaintiff's complaint must be dismissed for failure to state a claim and for lack of jurisdiction.

*I.    Legal Standards*

Pursuant to 28 U.S.C. § 1915A(b), courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)    Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

This Court must dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). A complaint fails to state a claim when it does not include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 49 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II. Analysis

In his complaint, Plaintiff alleges that Defendants failed to provide him medical treatment for his dry skin. In his prayer for relief, Plaintiff requests treatment for his condition (Doc. 1 at 10). In support of his claim, Plaintiff alleges the following facts:

2

1. On May 16, 2011, Plaintiff filed a sick call and was seen by a nurse who referred him to a doctor (Doc. 1 at 8);

2. On June 25, 2011, Plaintiff saw Nurse Practitioner Browning who told Plaintiff to purchase ointment in the commissary or to cease using soap in the shower. Plaintiff alleges that he asked for A&D ointment and Nurse Browning indicated that A&D was not for the purpose for which Plaintiff wanted it and would not prescribe it (Doc. 1 at 8, 11);

3. On June 27, 2011, Plaintiff filed a grievance expressing his displeasure with the diagnosis (Doc. 1 at 11);

4. On June 30, 2011 Defendant Wallschlager responded to Plaintiff's grievance indicating that Plaintiff's condition did not warrant treatment, just education (Doc. 1 at 11);

5. On July 5, 2011 Plaintiff filed another grievance expressing displeasure with Defendant Wallschlager's response to his first grievance (Doc. 1 at 12);

6. On July 7, 2011 Defendant Wallschlager responded to the second grievance by pointing out that "[t]he health care provider did not deem it medically necessary for treatment at the time of your appointment. If your condition has changed, please submit a sick call request." (Doc. 1 at 13);

7. On July 13, 2011, Plaintiff filed a third grievance disagreeing with the responses he received after his first two grievances (Doc. 1 at 14);

8. Defendant Wallschlager responded noting that "[t]he items you were requesting are for the personal comfort and convenience of yourself. The health care provider simply educated you on alternative ways to prevent dry skin." (Doc. 1 at 14).

The United States Supreme Court set forth the standard for prison medical care in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976): "deliberate indifference to [the] serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." However, it is clear that not every complaint by a prisoner regarding

medical care rises to the level of a constitutional violation. *Id.* at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Id.* at 105-06.

As recognized by the Eleventh Circuit Court of Appeals, to demonstrate deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* (citations omitted). Thus, this Court must address both elements to determine whether Plaintiff has alleged a constitutional violation.

The Eleventh Circuit has described a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citations omitted). In the instant case, Plaintiff alleges that he has seriously dry skin. However, Plaintiff's condition was not diagnosed by a medical professional as mandating treatment nor would dry skin be so obvious that a lay person would recognize the necessity for a doctor's attention. For § 1915A(b) purposes, Plaintiff has not sufficiently alleged a serious medical need to satisfy the objective element of the analysis. *See, e.g., Williams v. Tomlin*, 191 F.3d 454 (6th Cir.1999)(prisoner's complaints of a burning sensation and bleeding after applying medicated skin cream to his face was not a serious medical need where nurse noted that the prisoner had

4

no "blistering redness," but merely a few patches of dry skin).

Even assuming, *arguendo*, that Plaintiff has demonstrated a serious medical need, the next step requires a consideration of the subjective component: whether Defendants were deliberately indifferent to that serious medical need. To establish the requisite deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351. In *Estelle*, the Supreme Court described the boundary between medical malpractice and § 1983 claims alleging cruel and unusual punishment:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Estelle*, 429 U.S. at 105-06. Thus, on the most general level, deliberate indifference is medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscious or to be tolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

The allegations viewed in a light most favorable to Plaintiff show that his medical treatment was sufficient. Petitioner was examined by a nurse practitioner who decided that prescription medical ointment was unnecessary. The facts alleged by Plaintiff refute any suggestion that Defendants ignored or abused Plaintiff or manifested deliberate indifference

5

toward him. At best, Plaintiff has demonstrated a difference in medical opinion between himself and the nurse practitioner as to the latter's diagnosis or course of treatment, which does not support a claim of deliberate indifference. *See Estelle*, 429 U.S. at 107 (matters of medical judgment do not give rise to a § 1983 claim); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996) ("Mere difference of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference."); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (inmate's belief that he needed additional medication other than that prescribed by treating physician was insufficient to establish constitutional violation); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (A difference of opinion over matters of medical judgment between prison's medical staff and the inmate does not give rise to the level of a constitutional violation).

## III. Conclusion

Taking each of Plaintiff's allegations as true, he has failed to state a cognizable claim under 42 U.S.C. § 1983. Plaintiff has not alleged the deprivation of a constitutional violation because nothing alleged by Plaintiff demonstrates that the defendants were deliberately indifferent. Although Plaintiff may disagree with the defendants' medical judgment, none of Plaintiff's allegations come close to violating constitutional standards. Since Plaintiff has failed to state a claim for a violation of his constitutional rights, his complaint must be dismissed.

Furthermore, a federal district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question

jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Because Plaintiff has not asserted a cognizable federal question claim, nor alleged that the Court has jurisdiction pursuant to diversity of citizenship or a specific statutory grant, this Court lacks subject matter jurisdiction over the action.[2]

ACCORDINGLY, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's civil rights complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and for lack of jurisdiction.

2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 12 day of August, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-4 8/10
Timothy Cain

---

[2] Fed.R.Civ.P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."